UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN AUTOMOBILE INSURANCE COMPANY, as assignee of FRED AND ADRIENNE KOSTECKI,<br><br>Plaintiff,<br><br>v.<br><br>OMEGA FLEX,INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:11CV00305 AGF |

## MEMORANDUM REGARDING DEFENDANT'S MOTION IN LMINE NO. 4

Now before the Court is Defendant's Motion in Limine No. 4. (Doc. No. 117.) In that motion Defendant asserts that the Court's earlier *Daubert* ruling (Doc. No. 96) prohibiting Plaintiff's sole design defect expert, Dr. Thomas Eagar, from offering opinions with respect to the alleged defective design of Defendant's product, TracPipe, mandates the entry of summary judgment for Defendant on Plaintiff's strict liability, defective design claim. Upon review of the parties' filings and the argument presented at the June 27, 2013 hearing, the Court will deny that portion of Defendant's Motion in Limine No. 4 relating to this issue.

### Applicable Law

Under Missouri law, in order to prevail on a strict liability claim for defective design, a plaintiff must establish that (1) the defendant sold a product in question in the course of its business; (2) the product was then in a defective condition, unreasonably

dangerous when put to a reasonably anticipated use; (3) the product was used in a manner reasonably anticipated; and (4) the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold. *See Columbia Mut. Ins. Co. v. Epstein*, 239 S.W.3d 667, 671 (Mo. Ct. App. 2007); *Keener v. Dayton Elec. Mfg. Co.*, 445 S.W.2d 362, 364 (Mo. 1969); Restatement (Second) of Torts § 402A.

With respect to the fourth element of the claim, that the plaintiff was damaged as a direct result of a defective condition that existed when the product was sold, "'absolute certainty of causation is not required . . . and . . . probative facts' established by circumstantial evidence and pointing to the desired conclusion with enough certainty to be reasonable and probable is sufficient." *Bass v. General Motors Corp.*, 150 F.3d 842, 850 (8th Cir. 1998) (quoting *Duke v. Gulf & Western Mfg. Co.*, 660 S.W.2d 404, 410 n. 3 (Mo. Ct. App.1983)); *see also Klein v. General Elec. Co.*, 714 S.W.2d 896, 900 (Mo. Ct. App.1986) (testimony of expert that product defect was probable cause of incident may constitute substantial evidence).

"[E]xpert testimony is not necessarily required" on the issue of design defect. *Pro Service Automotive, L.L.C. v. Lenan Corp.*, 469 F.3d 1210, 1214 (8th Cir. 2006) (citing *Tune v. Synergy Gas Corp.*, 883 S.W.2d 10, 14 (Mo. 1994)); *see also McGeoghegan v. SPX Dock Products, Inc.*, No. 4:04–CV–1270 CEJ, 2006 WL 416088, at *2 (E.D.Mo. Feb. 21, 2006); *Rauscher v. General Motors*, 905 S.W.2d 158, 160 (Mo. Ct. App. 1995); *Aetna Cas. and Sur. Co. v. General Elec. Co.,* 758 F.2d 319, 322 (8th Cir. 1985). "The existence of a defect may be inferred from circumstantial evidence with or without the aid of an expert witness." *Donovan v. Mishy Sportswear, Inc.*, 200 F.Supp. 2d 1103,

1107 (E.D. Mo. 2001); *see also Klein v. General Elec. Co.*, 714 S.W.2d 896, 900 (Mo. Ct. App. 1986).

To determine whether the case is submissible in the absence of expert testimony, "the Court must examine the inferences to be drawn and determine whether those inferences are reasonably probable, without resorting to guesswork or speculation." *Donovan*, 200 F. Supp. 2d at 1107; *see also Patterson v. Foster Forbes Glass Co.*, 674 S.W.2d 599, 603 (Mo. Ct. App. 1984); *Hale v. Advance Abrasives Company*, 520 S.W.2d 656, 659 (Mo. Ct. App.1975) (holding that a product defect case was not submissible where evidence pointed equally to a cause for which defendants were responsible and to one for which they were not responsible). A finding of defect cannot rest on "conjecture or speculation." *Crump v. MacNaught P.T.Y. Ltd.*, 743 S.W.2d 532, 534 (Mo. Ct. App. 1987). Expert testimony will be "necessary where 'the lay jury [does] not possess the experience or knowledge of the subject matter sufficient to enable them to reach an intelligent opinion without help.'" *Pro Service Automotive, L.L.C.*, 469 F.3d at 1214 (quoting *Siebern v. Missouri-Illinois Tractor & Equip. Co.*, 711 S.W.2d 935, 939 (Mo. Ct. App. 1986)).

### **Discussion**

Defendant asserts that in this case a jury would not possess the necessary experience or knowledge to address the complexities involved in understanding the role of TracPipe, if any, in causing the fire and attendant damage. Therefore, Defendant contends that expert testimony on the issue of defective design is required for Plaintiff to

prove its case and that in the absence of Dr. Eagar's opinion regarding defective design of the product the claim cannot survive summary judgment.

As stated at the hearing, on this record, the Court cannot determine that expert testimony is necessarily required. As Plaintiff notes, TracPipe is a relatively straightforward product with simple design components – CSST pipe and plastic sheathing. It has no moving parts and no complex mechanisms or mechanical interactions. Courts in this Circuit have found that expert testimony was not required in product liability cases involving products far more complex than TracPipe. *Compare McGeoghegan v. SPX Dock Products, Inc.*, No. 4:04–CV–1270 CEJ, 2006 WL 416088, at *2 (E.D .Mo. Feb. 21, 2006) (concluding that a dock leveler was not so complex as to require expert testimony regarding defect where the failure of the leveler's maintenance strut to support a platform was alleged to have caused plaintiff's injury) *with Shaffer v. Amada America, Inc.,* 335 F.Supp.2d 992, 998 (E.D. Mo. 2003) (concluding that expert testimony was necessary to establish defect in a press brake machine where several causes for the plaintiff's injury had been identified). Nonetheless, the Court cannot definitively determine at this stage of the proceedings whether the defect and causation issues here will prove more complex and require expert testimony for proof of a submissible case.

The Court is satisfied that as a general rule expert testimony is not mandatory in a case such as this and that Defendant is not entitled to summary judgment on the defective design claim. Whether Plaintiff will be able to make a submissible case is a matter to be assessed as the matter progresses through Plaintiff's case-in-chief.

Defendant attempts to distinguish the cases supporting a determination that expert testimony is not mandatory on the ground that they are failure–to–warn rather than product defect cases. But the Court notes that "[t]he existence of a defect may be inferred from circumstantial evidence with or without the aid of an expert witness." *Donovan,* 200 F. Supp.2d at 1107. In addition, Defendant's assertion that circumstantial evidence of defect is only permitted in *res ipsa loquitur* cases, *see, e.g.*, *Patterson*, 674 S.W.2d at 601 (Mo. Ct. App. 1984) (exploding baby bottle), is without merit. *See, Donovan,* 200 F. Supp.2d at 1107; *McGeoghegan*, 2006 WL 416088, at *2.

Moreover, as the Court previously noted, the exclusion of Dr. Eagar's opinion regarding design defect does not leave the Plaintiff without expert testimony to prove its case. Experts qualified and designated to opine on such issues as fire causation and origination, electrical faults and malfunctions, bonding and grounding mechanisms and the requirements of the National Electric Code for the installation of products such as TracPipe, to name a few, are expected to testify to assist the jury in making its determination. In addition, Dr. Eagar may still offer expert opinions in the areas of metallurgy and arc physics where the Court found him qualified. Expert testimony in these areas may sufficiently assist the jury in determining whether a defect in the design of TracPipe caused the damage here.

Finally, this is not a case where the expert opinion as to defect is the only evidence, lay or expert, regarding design defect. Because the issue of defect may be inferred from circumstantial evidence, the absence of an opinion on the ultimate issue of defect is not fatal to Plaintiff's claim.

For these reasons, the Court concludes that Defendant's motion in limine No. 4. should be denied insofar as it asserts that Plaintiff may not proceed on its design defect claim without an expert witness to opine on the defective nature of the product at issue. The Court will carefully assess the evidence at trial, and determine based on the evidence, whether Plaintiff can establish a submissible case of defective design with testimony by an expert regarding design defect.

                                                 */s/ Audrey G. Fleissig*
                                               AUDREY G. FLEISSIG
                                               UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2013.