IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN AUTOMOBILE INSURANCE COMPANY as assignee of FRED AND ADRIENNE KOSTECKI,<br><br>Plaintiff,<br>v.<br><br>OMEGA FLEX, INC., a Pennsylvania Corporation,<br>Defendant. | Case No.: 4:11 cv 00305AGF |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR A NEW TRIAL

NOW COMES the Plaintiff, American Automobile Insurance Company, by and through its attorneys, and hereby submits the following Reply in Support of Plaintiff's Motion for a New Trial.

## INTRODUCTION

A new trial is warranted based upon the exclusion of certain testimony to be offered by Plaintiff's metallurgical expert, Dr. Thomas Eagar, and the admission of certain testimony of Defendant's expert, Dr. Harri Kytomaa.  As set forth in Plaintiff's Memorandum of Law in Support of its Motion, the exclusion of testimony by Dr. Eagar concerning Defendant's improper design of its TracPipe product, and the inclusion of Dr. Kytomaa's opinion testimony at trial concerning lightning and metallurgy, adversely and substantially impacted Plaintiff's substantial rights, which ultimately resulted in a jury verdict in favor of Defendant and a miscarriage of justice.

## STATEMENT OF FACT

Prior to trial, the parties exchanged extensive *Daubert* briefing relating to Dr. Eagar and Dr. Kytomaa.  On April 3, 2013, the *Daubert* motions were argued before the Court.  On June

11, 2013, the Court issued an order precluding Dr. Eagar from testifying about the design of TracPipe.  Though the court recognized Dr. Eagar as an expert in metallurgy and arc physics, the court did not permit Dr. Eagar to testify regarding the metallurgical features of CSST and black iron pipe.  The Court enforced its order at trial by striking significant portions of Dr. Eagar's testimony from the record.  Specifically, during Dr. Eagar's direct testimony, the following exchange occurred between counsel, Dr. Eagar and the Court:

> Q. And, sir, the same question for the thickness of the steel on the black iron pipe that's in front of you.  Is there a measure of energy that it would take to penetrate that steel?
>
> A. You can still use the same coulombs, yes.  And, in fact, I know of one test where we were unable to penetrate it at 267 coulombs.  In fact, I can tell you based on the testing that's been done, it takes 2,500 times as much energy and you still haven't penetrated the black iron pipe, as it does to penetrate the CSST.  I've estimated the difference in penetration energy is about 5,000 times.  It takes 5,000 times as much energy to penetrate this thing that's ten times thicker.
>
> MR. CONROY: Judge, I –
>
> THE COURT: Mr. Utke, I'm going to ask you to start asking this witness more direct questions and let him answer because –
>
> MR. UTKE: I'll guide his testimony, sure.
>
> MR. CONROY: And just one second, please.  Some of the comments we're hearing, Judge, is going over the line of what we had discussed before in terms of these comparisons.  He has given us dimensions, which he was free to do, but now we're getting into certain comparisons that might be over the line.
>
> THE COURT: And I agree with that.

MR. CONROY: And I would ask to the extent he's making those comparisons, those answers be stricken from the record.

THE COURT: I will, in fact, strike the last comments from the record. And I'm going to direct the jury to disregard those last few comparison comments.

\*\*\*

Q. Is that the same concept that we talked about earlier, that a thicker metal is required to sustain this type of energy?

A. To carry the heat away. It's the same thing, you know, you've got to have enough what we call thermal mass, enough metal to suck up the heat without causing it to melt. Something thin is much easier to melt. It's like singeing the hair on your hand. If something is thin, you can burn it more easily, you can melt it more easily.

Q. So bonding every 10 feet, if one of the advantages of TracPipe is the lack of joints, would that add joints to the TracPipe?

A. Yes.

MR. CONROY: Excuse me, Judge, now he's back to making comparisons again, which we discussed earlier.

MR. UTKE: This is bonding.

THE COURT: I understand, but what is this witness's expertise in whether that would or would not cause joints?

MR. UTKE: It's mandatory in their installation guide that you have a joint –

THE COURT: Obviously if it's straight, it's not going to cause joints, is it?

MR. UTKE: Your Honor, I believe the -- and I can lay the foundation with the witness, the Design and Installation Guide requires that you bond to a joint. You can't bond to

3

the pipe. So if you have to have a bond every 10 feet, that means you have to have a joint every 10 feet. And that's the concept.

>THE COURT:	All right.
>
>BY MR. UTKE:
>
>Q.	And, Dr. Eagar, is that consistent with your testimony?
>
>A.	Yes. What you just said?
>
>Q.	Yes.
>
>A.	Yes.
>
>Q.	I don't want to be testifying.
>
>A.	Right. But, yes, that's consistent. The D&I Guide requires that you bond to something like black iron pipe or one of their brass fittings, something that has some thickness to it.
>
>Q.	Now, getting back to the failure mode of TracPipe when exposed to energy from lightning –
>
>MR. CONROY:	Excuse me, Judge, again, he's talking about the failure mode. This is the design issue –
>
>THE COURT:	I will not allow it, Mr. Utke.
>
>MR. CONROY:	And I don't want to keep objecting, but I keep hearing this.
>
>MR. UTKE:	I can rephrase it.
>
>THE COURT:	You must rephrase it.
>
>MR. UTKE:	Certainly.

(Ex. A, Trial Transcript, Vol. 11, p. 207:17-208:22, 228:18-230:16).

Ultimately, the jury issued a verdict in favor of Defendant. On August 7, 2013, Plaintiff filed a motion for a new trial. On August 28, 2013, Defendant filed its Memorandum in

4

Opposition to Plaintiff's Motion for a New Trial. In its Opposition, Defendant argues that the Court properly precluded Dr. Eagar from testifying about the design defect in Defendant's TracPipe product. In addition, Defendant argues that Plaintiff has waived any challenges to the preclusion of Dr. Eagar's testimony by failing to make an offer of proof at trial as to Dr. Eagar's specific proffered testimony.

## ARGUMENT

The preclusion of Dr. Eagar's testimony regarding the defective design of TracPipe, and the inclusion of Dr. Kytomaa's testimony concerning lightning and metallurgy, independently resulted in a substantial impact to Plaintiff's rights to present all proper evidence to the jury, an adverse jury verdict and a miscarriage of justice. Thus, Plaintiff is entitled to a new trial pursuant to Fed. R. Civ. P. 59.

### A. The Exclusion of Dr. Eagar's Testimony on the Design Defect Issue was Prejudicial Error.

Although the Court recognized Dr. Eagar's expertise in metallurgy and arc physics, it erred when it barred Dr. Eagar from offering his opinions at trial concerning the defective design of TracPipe or the metallurgical difference between CSST and black iron pipe. The excluded opinion testimony falls within the subject matter of Dr. Eagar's experience in manufacturing engineering and product design and simultaneously falls under the subject matter of his specialized skills in metallurgy, arc physics and manufacturing engineering. Therefore, Dr. Eagar should have been permitted to testify that Defendant's material selection for TracPipe constituted a flaw in the design process and that the design of TracPipe CSST was defective due to the failure characteristics of the metal used in TracPipe.

> **B.      Plaintiff Made on Offer of Proof at Trial as to the Substance of Dr. Eagar's Design Opinion, and Therefore, Plaintiff Did Not Waive Any Challenge to the Court's Preclusion of That Opinion.**

The purpose of an offer of proof is: (1) to inform the trial court and opposing counsel of the substance of the excluded evidence in order to allow them to take appropriate action and (2) to provide an appellate court with a record allowing it to determine whether the exclusion was erroneous and whether the appellant was prejudiced by the exclusion.  *Kline v. Kansas City*, 175 F.3d 660, 665 (8th Cir. 1999).  If the trial court makes a definitive ruling on the record admitting or excluding evidence, a party does not need to renew an objection or offer of proof to preserve a claim of error for appeal.  *Shelton v. Kennedy Funding, Inc.*, 622 F.3d 943, 958 (8th Cir. 2010) (quoting Fed. R. Evid. 103(a)).

In its Opposition, Defendant argues that Plaintiff waived any challenge to the Court's preclusion of Dr. Eagar's testimony by failing to make an offer of proof at trial.  In support of its argument, Defendant attaches the trial transcript of Dr. Eagar's testimony.  However, Defendant fails to acknowledge that Plaintiff specifically made an offer of proof on July 10, 2013 during a bench proceeding outside the presence of the jury.  As the trial transcripts establish:

(The following proceedings were held at the bench and outside of the jury:)

MR. UTKE:    And I apologize for not catching this earlier, but its' the  --

THE COURT: Offer of proof.

 MR. UTKE:    --offer of proof.

THE COURT: Yeah, I meant to remember that.

MR. UTKE:    The offer of proof on the motions in limine.  And I wanted to simply make that part of the record so that it is incorporated into the record.

THE COURT: And this is on the black iron pipe?

MR. UTKE:    It was the references to counterstrike, the motions - -

6

THE COURT: No, no, no, that's not what we talked about.  We did not talk about counterstrike yesterday, we talked about black iron pipe.

MR. UTKE:   Oh, I understand.  And I understand that at some point you allowed me to make that offer of proof.  I did not make that on the black iron pipe compared to the CSST.

THE COURT: All right.

MR. UTKE:   I waived that.  It's the motions in limine, I wanted to have those, make sure they are part of the record so that they are incorporated into the record should the matter proceed further.

THE COURT: All right.

∗∗∗

MR. UTKE:   But the one in particular is No. 6, that's Dr. Eagar's testimony referring to a defect in the CSST.  Simply wanted to make that part of the record so that it's incorporated in the proceeding.

THE COURT: Yes, absolutely.  You mean that what I did not -- what I struck as a result of the *Daubert* motion?

MR. UTKE:   Yes.

THE COURT: Yes.  Absolutely.

(Ex. B, Trial Transcript, Vol. III, P. 55:3-56-16).

The above-referenced exchange clearly satisfies the dual purposes of an offer of proof.  Specifically, both the trial court and opposing counsel were made aware of the substance of Dr. Eagar's proposed testimony with regard to the design defect in CSST during the trial and during the extensive *Daubert* briefing.  Indeed, the court struck portions of Dr. Eagar that are specifically at issue in this motion.  Since the *Daubert* briefing was made part of the record, the

7

appellate court will be able to determine whether the exclusion of Dr. Eagar's testimony was erroneous and whether Plaintiff was prejudiced by the exclusion.

## CONCLUSION

For the reasons set forth above, as well as the reasons set forth in Plaintiff's Motion for a New Trial, Plaintiff respectfully requests that this Court enter an order granting Plaintiff's Motion for a New Trial.

Dated: September 18, 2013                                  Respectfully submitted,


                                                           By:    s/ Anthony J. Morrone
                                                                  Attorneys for the Plaintiff

Steve Hoyne
Stephen A. Hoyne at Law
10805 Sunset Office Drive, Suite 300
St. Louis, MO 63127

Anthony J. Morrone
COZEN O'CONNOR
333 W. Wacker Drive, Suite 1900
Chicago, Illinois 60606
Phone No: (312) 382-3100
Fax: (312)382-8910
Email: amorrone@cozen.com

Mark E. Utke
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Phone No: (215) 665-2164
Fax: (215) 701-2164
Email: mutke@cozen.com

## CERTIFICATE OF SERVICE

       The undersigned attorney hereby certifies that on this 18th day of September, 2013, the forgoing document was presented to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the all counsel of record.

                                            s/Anthony J. Morrone
                                            Anthony J. Morrone

LEGAL\17218502\3