UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN AUTOMOBILE ) <br> INSURANCE COMPANY, as assignee of ) <br> FRED and ADRIENNE KOSTECKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OMEGA FLEX,INC., ) <br> ) <br> Defendant. ) | Case No. 4:11CV00305 AGF |

**MEMORANDUM AND ORDER**

Plaintiff American Automobile Insurance Company ("Plaintiff") brought this action against Defendant Omega Flex, Inc. ("Defendant") to recover funds Plaintiff paid its insureds, Fred and Adrienne Kostecki, following a lightning strike and fire at the Kostecki residence in High Ridge, Missouri.  Plaintiff asserts that TracPipe, a corrugated stainless steel tubing ("CSST"), manufactured and sold by Defendant, and used to transport propane into the residence was defective and caused the fire.

Plaintiff presented two theories of liability to the jury:  negligent design and strict liability under Missouri Revised Statute § 537.760.  *See* Doc. No. 182.  The trial of this matter resulted in a jury verdict in favor of Defendant and against Plaintiff on both claims.

Now before the Court is Plaintiff's motion for new trial pursuant to Federal Rule of Civil Procedure 59(a).  Plaintiff asserts that the Court's exclusion of certain opinion testimony offered by Plaintiff's expert and its inclusion of opinion testimony of

Defendant's expert substantially prejudiced the outcome of the trial. For the reasons set forth below, Plaintiff's motion for new trial is denied.

## BACKGROUND

Prior to trial each party moved to strike the opinion testimony of the other's expert, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). *See* Doc. Nos. 51 & 63. The *Daubert* motions were fully briefed and, at the parties' request, the Court conducted a hearing on those motions.[1] Upon consideration of the parties' briefs and the testimony and argument presented at the hearing, the Court ruled that Plaintiff's expert, Thomas Eagar, Ph.D., was not qualified to offer an expert opinion with respect to TracPipe's design, including product labelling and warnings. The Court permitted Dr. Eagar to testify as Plaintiff's expert with respect to metallurgy, including the properties of the metals used in the manufacture of TracPipe, arc physics, the cause of the fire and the efficacy of bonding. *See* Doc. No. 96 at 13-15. The Court further ruled that Defendant's expert, Dr. Harri Kytomaa, Ph.D., could offer opinion testimony concerning metallurgy, the properties of the metals used in the manufacture of TracPipe, and the cause of the fire, including the role, if any, of lightning. *See id.* at 16-17.

## STANDARD OF REVIEW

Pursuant to Rule 59(a), "[t]he court, may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has

---

[1] The parties also presented testimony and argument on their cross motions for summary judgment.

heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The improper exclusion or admission of expert testimony is a recognized basis for granting a new trial. *See Vasquez v. Colores*, 648 F.3d 648, 652 (8th Cir. 2011).

"[T]he grant of the new trial does not interfere with the role of the jury as the trier of fact," *Fireman's Fund Ins. Co. v. Aalco Wrecking Co.*, 466 F.2d 179, 185-86 (8th Cir. 1972), because "[t]he Court's ultimate inquiry is whether the first trial resulted in a miscarriage of justice" and not whether the jury correctly decided the case. *Carraway v. Christian Hosp. Ne./Nw.*, No. 4:03CV1077, 2006 WL 2524203, at *1 (E.D. Mo. Aug. 30, 2006); *see also Harris v. Sec'y, U.S. Dep't of the Army*, 119 F.3d 1313, 1318 (8th Cir. 1997). "Although the Court has discretion to set aside the jury verdict and grant a new trial, it 'may not do so merely because it believes that the evidence permitted different inferences or that another result would be more reasonable.'" *Carraway*, 2006 WL 2524203 at *1 (quoting *Blake v. J.C. Penney Co.*, 894 F.2d 274, 281 (8th Cir. 1990)).

Decisions concerning the admission of expert testimony and the "'admissibility of proffered evidence . . . should only be overturned if there was a clear and prejudicial abuse of discretion.'" *Shelton v. Kennedy Funding Inc.,* 622 F.3d 943, 957 (8th Cir. 2010) (quoting *U. S. Salt, Inc. v. Broken Arrow, Inc.*, 563 F.3d 687, 689-90 (8th Cir. 2009)); *see also Littleton v. McNeely*, 562 F.3d 880, 891 (8th Cir. 2009) (holding that the admission of expert testimony is committed to the broad discretion of the trial court). A trial court abuses its discretion:

> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors,

and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Mayo Clinic v. Elkin*, 540 Fed. Appx. 546, 548 (8th Cir. 2013) (internal quotation omitted). Finally, even if the evidentiary decision is deemed erroneous, the motion for new trial should not be granted unless the "error . . . affect[s] a substantial right of the objecting party," who also bears the "burden of showing prejudice." *Vasquez*, 648 F.3d at 652 (internal quotation and citation omitted).

## DISCUSSION

### I. Offer of Proof and Waiver

The Court first addresses Defendant's assertion that Plaintiff failed to make an offer of proof at trial and waived its right to claim error with respect to the exclusion of Dr. Eagar's defective design opinion. Plaintiff asserts that an offer of proof was made. Each party relies upon portions of the trial transcript to support its position. But, regardless of the contents of the transcript, the Court concludes that Plaintiff did not waive its right to raise exclusion of Dr. Eagar's defective design opinion as error. Under current[2] Eighth Circuit law, Plaintiff was not required to make an offer of proof at trial to preserve that error because the Court explicitly ruled on the issue prior to trial. "Once the

---

[2] Before the 2000 Amendments to Federal Rule of Evidence 103, the Eighth Circuit applied the rule that Defendant now urges on the Court, but the Eighth Circuit has not done so since the enactment of those Amendments. *Compare Dupre v. Fru-Con Eng'g Inc.*, 112 F.3d 329, 336-37 (8th Cir. 1997) (holding, despite a formal ruling on a motion *in limine*, that a party waived any right to appellate review by failing to make an offer of proof at trial) *with Bady v. Murphy-Kjos,* 628 F.3d 1000, 1003 (8th Cir. 2011) (holding that "[o]nce the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal") *and Shelton,* 622 F.3d at 958 n.14 (explaining the effect of the 2000 Amendments).

court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error.  *See* Fed. R. Evid. 103(b); *see, e.g.*, *Shelton,* 622 F.3d at 957 (holding that trial court's ruling from the bench refusing to allow witness to testify was a "definitive ruling" precluding the need for an offer of proof to preserve a claim of error); *United States v. Collier*, 527 F.3d 695, 699 (8th Cir. 2008) (holding that the denial of a motion *in limine* was a "definitive ruling," precluding the need for an offer of proof to preserve a claim of error).

Therefore, the Court concludes that its ruling on the *Daubert* motion relating to Dr. Eagar's defective design opinions was sufficiently "definitive" to satisfy that requirement.  Moreover, even if an offer of proof were necessary, the transcript excerpt to which Plaintiff refers constitutes a valid offer of proof.[3]  For these reasons, the Court

---

[3]   Plaintiff identifies the following exchange, between Plaintiff's counsel and the Court and in the jury's absence, as its offer of proof:
[COUNSEL]:  And I apologize for not catching this earlier, but its'[sic] the --
THE COURT:  Offer of proof.
[COUNSEL]: --offer of proof.
THE COURT:  Yeah, I meant to remember that.
[COUNSEL]:  The offer of proof on the motions in limine. And I wanted to simply make that part of the record so that it is incorporated into the record.
THE COURT:  And this is on the black iron pipe?
[COUNSEL]: It was the references to counterstrike, the motions
THE COURT:  No, no, no, that's not what we talked about. We did not talk about counterstrike yesterday, we talked about black iron pipe.
[COUNSEL]:  Oh, I understand.  And I understand that at some point you allowed me to make that offer of proof. I did not make that on the black iron pipe compared to the CSST.
THE COURT:  All right.

concludes that Plaintiff has not waived its right to raise the exclusion of Dr. Eagar's testimony as error.

## II.  The Exclusion of Dr. Eagar's Design Defect Opinion as Prejudicial Error

Plaintiff asserts that the Court's exclusion of Dr. Eagar's testimony with respect to defective design was erroneous and, in conjunction with the admission of Dr. Kytomaa's expert opinions, substantially affected the jury's verdict.

In ruling on the *Daubert* motion and excluding Dr. Eagar's design opinions, the Court carefully considered the applicable law, the parties' arguments, and the matters presented at the hearing.  Therefore, the Court is satisfied, for the reasons set forth in its ruling on the *Daubert* motions, that the exclusion of Dr. Eagar's design opinion was proper.  *See* Doc. No. 96 §§ IIA-IIC.  As the Court noted in that ruling, the Eighth Circuit has long held that an expert is only permitted to offer testimony within the bounds of his qualifications, and may not offer opinions outside of his area of expertise.  *See Weisgram v. Marley Co.*, 169 F.3d 514, 520-21 (8th Cir. 1999) (concluding that a metallurgist was

---

[COUNSEL]:  I waived that.  It's the motions *in limine*, I wanted to have those, make sure they are part of the record so that they are incorporated into the record should the matter proceed further.
THE COURT:  All right.
\*\*\*
[COUNSEL]:  But the one in particular is No. 6, that's Dr. Eagar's testimony referring to a defect in the CSST.  Simply wanted to make that part of the record so that it's incorporated in the proceeding.
THE COURT:  Yes, absolutely.  You mean that what I did not -- what I struck as a result of the Daubert motion?
[COUNSEL]:  Yes.
THE COURT:  Yes.  Absolutely.
Doc. No. 260; Trial Transcript, Vol. III; 55:3-56-16.

not an expert in product design and testing). "[T]he test is whether the witness' training and experience demonstrate a knowledge of the subject matter." *Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856, 858 (8th Cir. 1975) (quotation omitted).

Moreover, as the Court noted in its *Daubert* ruling, other courts in similar cases have excluded Dr. Eagar's opinions regarding product design and design alternatives. *See Cincinnati Ins. Co. v. Omega Flex, Inc.*, No. 3:10-CV-00670M, 2013 WL 2120322, at *1 (W.D. Ky. May 15, 2013) (refusing to reconsider its ruling that "Dr. Eager [sic] may not opine generally as to the standard of care of manufacturers or specifically as to Omega Flex's conduct" because "[s]uch opinions are outside his field of expertise, metallurgy") (internal quotations omitted); *More, JB, Inc. v. Nutone, Inc.*, No. A-05-CA-338 LY, 2007 WL 4754173, at *4 (W.D. Tex. Mar. 21, 2007) (holding that Eagar's expertise in metallurgy, materials science, and failure analysis qualified him to opine regarding fire causation but precluded his proposed testimony regarding the use of other materials as "commercially feasible alternative design[s]"). Finally, the Court notes that despite Dr. Eagar's recognized expertise in metallurgy, arc physics, materials science, and fire causation, the Court's ruling was premised upon its determination that this expertise lacked a sufficient relationship to the design questions presented here: the standard of care required of a manufacturer and the feasibility of alternative designs. *See* Doc. No. 96, at 13-15.

Plaintiff fails to raise new arguments or cite to applicable authority that would alter the Court's previous determination. Plaintiff asserts that the Eighth Circuit's holding in *Holmgren v. Massey-Ferguson, Inc.*, that "an expert's qualifications cannot

depend on his *precise* skill or background in a particular profession or industry" renders the exclusion of Eagar's design opinions erroneous. 516 F.2d at 858 (emphasis supplied) (also stating that "[i]f the subject matter (safe design) falls within a person's experience in or overall knowledge of a specialized skill (engineering) this is sufficient to qualify the witness as an expert"). But Plaintiff's reliance on *Holmgren* is misplaced in light of more recent Eighth Circuit decisions explaining with greater precision the qualifications necessary to permit expert testimony regarding product design. *See, e.g., Khoury v. Philips Med. Sys.*, 614 F.3d 888, 893 (8th Cir. 2010) (affirming, in a product liability action against a manufacturer of medical equipment, the exclusion of an ergonomist's expert opinion regarding defective design because the ergonomist had no training, education, or experience in the design of such medical equipment); *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003) (recognizing that "some engineering principles can be applied universally" but affirming, in a product liability action, the exclusion of engineering expert's defective design opinion because expert had never designed or consulted on design of product in question); *Krueger v. Johnson and Johnson Professional, Inc.*, 66 Fed. Appx. 661, 662 (8th Cir. 2003) (holding, in a product liability action against manufacturer of medical device, that exclusion of metallurgist's expert testimony regarding defective design was not an abuse of discretion where metallurgist had insufficient knowledge or experience with the design of the device or similar systems).

In addition, even if the Court improperly excluded Dr. Eagar's design opinion, the Plaintiff has not satisfied its burden to show that such exclusion affected Plaintiff's

substantial rights or resulted in prejudice. *See Vasquez*, 648 F.3d at 652 (requiring a showing that expert testimony excluded by the trial court was "of such a critical nature that there is no reasonable assurance that the [fact-finder] would have reached the same conclusion had the evidence been admitted") (internal quotation omitted). The Court's *Daubert* ruling did not completely deprive Plaintiff of the opportunity to address issues relevant to TracPipe's design. The Court permitted Dr. Eagar to testify regarding the properties and failure characteristics of CSST, the metal used in TracPipe, and the properties of other materials, like black pipe, that have been used for similar purposes. But because Dr. Eagar lacked design training and experience, the Court did not permit him to opine that the selection of CSST for TracPipe constituted a flaw in the design process and that the design of TracPipe was defective due to the failure characteristics of CSST. In other words, the Court concluded that in the absence of design expertise, Dr. Eagar's opinion on those issues would not reliably assist the jury in deciding the ultimate legal issue regarding defective design and should be excluded. Plaintiff had the opportunity to offer, by way of Dr. Eagar's testimony, evidence from which the jury could have determined that the product design was defective. The jury's failure to draw that conclusion does not warrant a new trial.

Accordingly, for the reasons stated here and in this Court's ruling on the *Daubert* motions, Plaintiff's motion for new trial on the ground that the Court erroneously excluded Dr. Eagar's product design opinions is denied. *See* Doc. No. 96, Part II. A-B.

## III. Failure to Exclude Dr. Kytomaa's Opinion Testimony

At trial, in the presence of the jury and over Plaintiff's objections, Dr. Kytomaa opined (1) that the energy from a lightning strike would dissipate too rapidly to penetrate the CSST in the TracPipe; and (2) that Dr. Eagar's opinions regarding the likely response of CSST to the conditions in the home at the time of the fire were unsound. Plaintiff asserts that Dr. Kytomaa should not have been permitted to offer these opinions because they are premised upon a specialized knowledge of metallurgy and lightning. Plaintiff further asserts that Dr. Kytomaa lacked such specialized knowledge as evidenced by his statements during pretrial depositions and at trial that he was not an expert in either area.[4] Plaintiff also argues that the Court's *Daubert* rulings were erroneous and inconsistent because the Court permitted Dr. Kytomaa to testify regarding fire causation issues despite his assertion that he was not an expert on lightning or metallurgy, but excluded the design opinions of Dr. Eagar, who had disclaimed design expertise.

The Court rejects each of these arguments. First, it should be noted that Dr. Kytomaa offered the disputed opinions in the context of his testimony regarding fire causation and not as a lightning or metallurgy expert. In addition, in the specific context of fire causation, the Eighth Circuit has advised that expert opinions may be found reliable when based upon "observations coupled with expertise." *See, e.g., Shuck v. CNH*

---

[4] Dr. Kytomaa testified in his deposition:
Q. Do you hold yourself out as an expert in metallurgy?
A. No. I'm not a metallurgist.
Q. Do you hold yourself out as an expert in lightning?
A. No.
Doc. No. 189-7; Oct. 11, 2012 Dep. of Dr. Kytomaa; 32:4–9.

*Am., LLC*, 498 F.3d 868, 874-75 (8th Cir. 2007) (citation omitted). Plaintiff does not identify and the Court has not found a similar holding applicable to expert opinions in the area of defective design. In addition, Plaintiff attaches too much import to a would-be expert's own characterization of his credentials or expertise. The statement of an expert evaluating his own expertise is a factor, but not a decisive factor, in determining that expert's qualifications. *See Kumho Tire Co., Ltd., v. Carmichael*, 526 U.S. 137, 150-51 (1999). And here, although the Court considered such statements by each of the experts, they were far from conclusive, given the import of other *Daubert* factors on its decision. *See id*. (explaining that the factors set forth in *Daubert* for assessing a witness' expertise are flexible and "depend[ ] upon the particular circumstance of the particular case at issue").

For example, both party's experts disavowed expertise with respect to lightning, yet the Court permitted each expert to testify regarding the cause of a fire which the parties agreed related to a lightning strike on the Kostecki's property. In addition, the Court determined not only that Dr. Eagar's credentials as a metallurgist and his knowledge of arc physics and materials science qualified him to opine on fire causation issues, but, on the basis of different credentials—his background in mechanical engineering, also found Dr. Kytomaa qualified to opine on the same issue. In each case the Court's determination was based on several considerations and not solely or even significantly on the expert's statements regarding his expertise. *See CitiMortgage, Inc. v. Just Mortg., Inc.,* No. 4:09CV1909DDN, 2012 WL 1060122, at *3 (E.D. Mo. Mar. 29, 2012) (stating that "[a] court should not apply the *Daubert* factors rigidly").

Finally, even if the Court improperly admitted Dr. Kytomaa's opinions, the Court cannot conclude that Plaintiff has satisfied its burden to show that the exclusion of the testimony affected Plaintiff's substantial rights or resulted in prejudice.  *See Vasquez*, 648 F.3d at 652.  Plaintiff presented evidence contrary to Dr. Kytomaa's opinions and had the opportunity to cross examine him on those issues.  Therefore, for the reasons set forth above and those stated in this Court's earlier ruling on the *Daubert* motions, Plaintiff's motion for new trial on the ground that the Court should have excluded Dr. Kytomaa's expert opinions regarding the dissipation of lightning energy and the validity of Dr. Eagar's opinions is denied.  *See* Doc. No. 96 Part II. C.

### **CONCLUSION**

On the basis of the forgoing, the Court concludes that Plaintiff has failed to satisfy its burden to demonstrate "clear and prejudicial abuse" of this Court's exercise of its discretion to exclude or admit the disputed expert opinions of Drs. Eagar and Kytomaa. *Shelton,* 622 F.3d at 957 (internal quotation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for new trial is **DENIED**. (Doc. No. 188.)

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2014.