UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN AUTOMOBILE INSURANCE COMPANY, as assignee of FRED and ADRIENNE KOSTECKI, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:11CV00305 AGF ) |
| OMEGA FLEX, INC., | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

The jury trial of this product liability action resulted in a verdict for Defendant Omega Flex, Inc. and against Plaintiff American Automobile Insurance Company, as assignee of Fred and Adrienne Kostecki. On August 1, 2013, Defendant filed a Bill of Costs to recover litigation expenses in the amount of $26,218.21.[1] Specifically, Defendant seeks: (1) $750 for fees of the Clerk; (2) $5,412.95[2] for printed or electronically recorded transcripts; (3) $6,765.20 for witness fees; and (4) $13,290.06 for exemplification and the costs of making copies. Plaintiff filed objections to requests for copying expenses and for certain expenses related to deposition transcripts. In its

---

[1] In Defendant's response to Plaintiff's objections to the Bill of Costs, Defendant withdrew its requests for a $185.17 expense for the delivery, shipping and handling of deposition transcripts and $158.00 for "CD Depo Litigation Packages." The Court has deducted these amounts from the requested total expenses of $26,561.38

[2] The relinquished amounts are shown as deductions from the transcript fees of $5,756.12 that Defendant originally requested.

response to Plaintiff's objections, Defendant withdrew certain requested costs, and the Court does not consider the objections related to those costs. For the reasons set forth below, Plaintiff's remaining objections are granted in part and denied in part.

## APPLICABLE LAW

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under Rule 54, a "prevailing party is presumptively entitled to recover all of its costs." *168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (internal quotation omitted). However, not every expense is a permissible "cost." Only the expenses enumerated in 28 U.S.C. § 1920 or other statutory authority may be taxed as "costs" under Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–442 (1987); *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889–90 (8th Cir. 2006). "When an expense is taxable as a cost, however, there is a strong presumption that a prevailing party shall recover it in full measure." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (internal citations omitted). Thus, once the prevailing party has demonstrated that particular costs are statutorily authorized, the unsuccessful party bears the burden of showing that the costs are somehow improper, and cannot be recovered. *See id.*

# DISCUSSION

## I. Copying Charges

Pursuant to 28 U.S.C. § 1920, the Court may award copy and exemplification fees for copies necessarily obtained for use in the case. The Court has broad discretion to determine which copying expenses are taxable under § 1920, but should reduce or deny the requested amount if an award would be inequitable under the circumstances. *See Starr Indem. and Liab. Co. v. Cont'l Cement Co.*, No. 4:11–CV–809 JAR, 2013 WL 3154009, at *2 (E.D. Mo. June 21, 2013). "[C]opy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request." *Transamerica Life Ins. Co., v. Lambert*, No. 4:12-CV-1253 CAS, 2013 WL 328792, at *5 (E.D. Mo. Jan. 29, 2013) (citing *Yaris v. Special Sch. Dist. of St. Louis Cnty.*, 604 F. Supp. 914, 915 (E.D. Mo. 1985), *aff'd*, 780 F.2d 724 (8th Cir. 1986)). In addition, copying costs incurred solely for the convenience of counsel are not recoverable under 28 U.S.C. § 1920. *Tanner v. City of Sullivan*, No. 4:11–CV–1361 NAB, 2013 WL 3287168, at *4 (E.D. Mo. June 28, 2013). Courts may exercise discretion to deny copying costs if it is "impossible to tell to what extent copies charged . . . were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel." *Dunn v. Nexgrill Indus., Inc.*, No. 4:07–CV–01875 JCH, 2011 WL 1060943, at *1 (E.D. Mo. Mar. 21, 2011) (internal quotation omitted).

In support of its Bill of Costs, Defendant submits invoices from various copying services. *See* Doc. No. 187-4. Plaintiff asserts that these invoices do not adequately identify the nature of the documents copied or indicate how the documents were used

during trial. Upon examination of the submitted documentation, the Court finds that it contains sufficient detail to permit a meaningful evaluation of the request. *See* Doc. No. 187-4; *see also Betton v. St. Louis Cnty.*, No. 4:05CV01455 JCH, 2010 WL 1948265, at *2 (E.D. Mo. May 14, 2010) (internal quotation omitted) (holding that a party seeking copying costs pursuant to Rule 54(d) "is not expected to provide a detailed description of every piece of paper copied," but only "the best breakdown of the copied material obtainable from its records"). Therefore, Plaintiff's objection to the copying costs on the ground of insufficient documentation is denied.

Among the copying costs Defendant seeks to recover are expenses for the preparation of three-ring binders used in expert witness depositions and dispositive motion briefing. Plaintiff objects to these costs asserting that the binders were prepared for the convenience of Defendant's counsel and were not necessary for use at trial. Defendant asserts that the expense of the binders used in expert depositions and dispositive motion briefing is a recoverable cost and not merely a convenience. Defendant argues, in the alternative, that if these expenses are not recoverable, its requested award should be reduced by a significantly smaller amount than Plaintiff urges.

The amount of the disputed expenses is not clearly established in the record. Defendant asserts that they amount to $179.00, apparently representing only the expense of the three ring binders themselves and not their contents or the cost of their preparation. *See* Doc. No. 187-4, pp. 5-6. The Court finds this designation of the binder expenses

overly formalistic. The Court will consider the entire expense[3] documented for the preparation of the binders used in expert depositions and dispositive motion briefing, and not merely the empty binders themselves, as the disputed expense. *See* Doc. No. 197-4, pp. 1 & 5-6.

Other courts, exercising sound reasoning, have reached differing conclusions on the issue of whether such expenses are recoverable as costs. *Compare O'Brien v. St. Louis Pub. Sch. Dist.*, No. 4:10–CV–1094 CDP, 2012 WL 4854698, at *1 (E.D Mo. Oct. 11, 2012) (ruling that binders and exhibit tabs are not a taxable cost under 28 U.S.C. § 1920), *and Am. Guar. & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, No. 4:06CV655RWS, 2010 WL 1935998, at *4 (E.D. Mo. May 10, 2010) (denying fees for binders and exhibit tabs because such costs were for the convenience of the attorneys), *with Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *16 (E.D. Mo. May 18, 2011) (internal quotation omitted) (allowing as a cost the expense for preparation of similar tabbed binders and noting that these types of materials "'ease the witnesses' testimony and enhance the smooth delivery of the trial to the jury").

The Court finds the reasoning set forth in *Marez* persuasive. Although admittedly more convenient for counsel, the use of such materials at trial and in expert depositions, also contributes to the cogent presentation of testimony at trial. Therefore, the Court denies Plaintiff's objection to the award, as costs, of Defendant's expenses for the copying and preparation of all binders used at trial and for expert depositions. *See id.*, at

---

[3] These amounts are $1,110.83 (expert deposition copies and binders) and $546.59 (dispositive motion briefing copies and binders). *See* Doc. No. 197-4, pp. 1 & 5-6.

*16. The Court concludes, however, that the materials prepared for dispositive motion briefing were solely for the convenience of counsel, and will grant Plaintiff's objection to the award of those costs. *See Tanner*, 2013 WL 3287168, at *4; *O'Brien*, 2012 WL 4854698, at *1.

Plaintiff next asserts that it would be inequitable to award the full amount of copying expenses because their very volume indicates that all of the expenses were not necessarily incurred for use in the case. For example, Plaintiff objects to the expenses Defendant seeks for copying thousands of "blowback" photographs,[4] especially because Defendant ultimately submitted only 26 such exhibits at trial.

Defendant asserts that the thousands of copies were necessary because Defendant did not know until the eve of trial how Plaintiff would present its case-in-chief. Therefore, Defendant argues, it had to copy all of the "blowback" photographs in order to be prepared for any eventuality. Citing *Trip Mate, Inc. v. Stonebridge Cas. Ins. Co.*, Defendant asserts that, on the basis of the facts known at the time, the expenses for the copies of the "blowback" photographs were reasonable. *See* Nos. 10-0793-CV-W-ODS, 11-1097-CV-W-ODS, 2013 WL 3336631, at *1 (W.D. Mo. Jul. 2, 2013) (citation omitted) (holding that the determination of whether or not an expense was reasonably incurred "should be made in light of the facts known when the expense was incurred"). Defendant notes that the expenses attributable to copying of the "blowbacks" were incurred shortly after Plaintiff filed its list of 108 potential trial exhibits. Defendant

---

[4] The disputed expenses are: $197.28, $88.80, $4,575.20, and $2,775.00, totaling $7,636.28. *See* Doc. No. 187-4, pp. 9-10.

asserts that, at that time, it had no way of knowing which of its exhibits and photographs would be needed to effectively respond to Plaintiff's case-in-chief.

The Court finds this argument unpersuasive. The statutory language "necessary for use in the case" exacts some measure of discernment and moderation by the parties. For this reason, the Court believes it would be inequitable to penalize Plaintiff because Defendant failed to exercise either with respect to the "blowback" photograph copying expense. 28 U.S.C. § 1920. The Court concludes that the copying costs for the "blowback" photographs are excessive in light of the relatively small number of exhibits and photographs Defendant ultimately presented at trial. This is not a case where the disputed expense was incurred early in the litigation when Defendant could not have known enough about the case to make a reasonable judgment as to which of the photographs would be needed at trial. Here, the expenses were incurred approximately two weeks before trial and after this matter had been pending for more than two years. At that time Defendants should have had, on the basis of discovery and pretrial filings, sufficient knowledge of Plaintiff's theory of the case to make a reasonable judgment regarding which of the thousands of "blowback" photographs it should copy to present at trial.

The Court recognizes that litigants cannot always anticipate the course of trial testimony or the evidence the opposing side may present. Nevertheless, the Court concludes that here the "disproportionate number of copies made in comparison to the [26] photographs used at trial" renders an award of the entire amount of the copying costs for the "blowback" photographs inequitable. *See Starr Indem. and Liab. Co.*, 2013 WL

3154009, at *2 (finding the requested copying costs inequitable where plaintiff requested costs for copying thousands of pages of photographs but only utilized ten photographs at trial). On the record before it, the Court cannot determine with precision how many, or which, of the copies were excessive, but exercises its discretion on the basis of similar precedent to reduce the copying costs for the "blowback" photographs by fifty percent. *See id.* (reducing, under similar circumstances, a requested award for copying expenses by fifteen percent).

Plaintiff also objects to Defendant's request for the expense of copies prepared in the course of discovery, specifically, document production. Plaintiff asserts that costs incurred for the copying of documents for discovery purposes are not properly taxable under 28 U.S.C. § 1920(4). The cases Defendant cites in support of the contrary proposition do not directly address the issue. *See Cruesoe v. MERS/Missouri Goodwill Indus.*, No. 4:05CV538 RWS, 2007 WL 188367, at *1 (E.D. Mo. Jan. 23, 2007) (denying videotape costs from deposition); *Katoch v. Mediq/PRN Life Support Servs., Inc.*, No. 4:04-CV-938CAS, 2007 WL 2434052, at *12 (E.D. Mo. Aug. 22, 2007) (denying objection that copying costs should be denied because of electronic filing); *Litecubes, L.L.C. v. N. Light Prods., Inc.*, No. 4:04CV00485ERW, 2006 WL 5700252, at *17 (E.D. Mo. Aug. 25, 2006) (granting copying costs in case involving electronic filing). Therefore, the Court will grant Plaintiff's objection and deny the request for copying costs incurred for purposes of discovery.[5] *See Macheca Transp. Co. v. Philadelphia*

---

[5] The disputed expenses for the copying of discovery materials are: $165.18; $455.90; $24.94; $220.80 and $560.00; totaling $1,426.82. *See* Doc. No.187-4, pp. 5-6. Plaintiff

*Indem. Ins. Co.*, No. 4:04CV178 (CEJ), 2012 WL 2236702, at *2 (E.D. Mo. June 15, 2012) (denying costs where the prevailing party could not establish that the costs were necessary for the litigation); *see also Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1133 (E.D. Mo. 1998) (noting that 28 U.S.C. § 1920(4) does not cover "a party's copying of documents to be produced in discovery").

## II. Deposition Transcripts

Pursuant to 28 U.S.C. § 1920(2), the Court may award fees for printed or electronically recorded transcripts necessarily obtained for use in the case.[6] In addition, any transcript-related expense incurred solely for the convenience of counsel is not taxable. *See Am. Guar. & Liab. Ins. Co.*, 2010 WL 1935998 at *3.

Plaintiff objects to the requested expense for an expedited transcript of the hearing on the parties' motions for summary judgment and exclusion of expert testimony. Defendant asserts that the short period of time between the ruling on these motions and deadline for filing of motions *in limine* made the expense for the expedited transcript reasonable and necessary.

The Court will deny Plaintiff's objection to Defendant's request for the cost of the expedited transcript. The Court agrees with Defendant's assertion that the expense was

---

also objects here to the request for the expense of the preparation of binders for use in expert depositions. Having concluded above that those expenses were recoverable, the Court does not include them here. *See id.*

[6] As noted above, Defendant properly withdrew its request for $185.17 in charges related to the delivery, shipping and handling of deposition transcripts. *See Smith*, 436 F.3d at 889 (holding that costs for delivery of transcripts are not taxable under § 1920).

not merely a convenience for counsel but was reasonable and necessary to allow Defendant to prepare its motions *in limine*.

## III. Summary of Awarded Costs

On the basis of the foregoing, the Court first awards all costs to which Plaintiff has lodged no objection except for those that Defendant relinquished in its response brief.

With respect to Plaintiff's objections, the Court denies the objection to an award of copying expenses on the ground of insufficient documentation. Plaintiff's objection to an award of copying expenses for the preparation of binders for use in dispositive motion briefing is granted. The requested copying costs are reduced by $546.59. The Court also grants Plaintiff's objection to an award of copying expenses for "blowback" photographs for use at trial and reduces the requested copying costs for "blowback" photographs[7] by fifty percent (50%), or $3,818.14. Plaintiff's objection to an award of copying costs for documents produced in discovery is also granted and the requested copying costs are further reduced by $1,426.82. In sum, the request for an award of copying costs in the amount of $13,290.06 is reduced by a total of $5,791.55 to $7,678.41.

Finally, Plaintiff's objection to the request for expenses related to an expedited transcript is denied.

---

[7] The copying costs attributable to the "blowback" photographs were $7,636.28. *See* Doc. No. 187-4, pp. 9-10.

## IV. Stay of Execution on the Taxed Bill of Costs Pending Appeal

As of the date of this Order, no appeal has been filed in this matter. Therefore, Plaintiff's request to stay, pending appeal, execution on the taxed bill of costs is denied as premature.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections to Defendant's Bill of Costs are **GRANTED in part and DENIED in part** as set forth herein. (Doc. No. 187.)

**IT IS FURTHER ORDERED** that Defendant is **AWARDED** $20,606.56 in costs as follows:

| | | |
|---|---|---|
| $ | 750.00 | Fees of the Clerk |
| $ | 5,412.95 | Printed or electronically recorded transcripts |
| $ | 6,765.20 | Witness fees |
| $ | 7,678.41 | Exemplification and copying costs |
| **$20,606.56** | | **Total Approved Costs** |

**IT IS FURTHER ORDERED** that Plaintiff's request to stay, pending appeal, execution on the taxed bill of costs is **DENIED without prejudice** as premature.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2014.